# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| BRET R. LEASE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MIGUEL A. CARDONA and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:20-cv-00106-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

　　　　District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Miguel A. Cardona[2] and the United States Department of Education's ("DOE") (collectively, "DOE Defendants") motion to dismiss.[3] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court recommends granting the DOE Defendants' motion and dismissing this action.

---

[1] ECF No. 14.

[2] Miguel A. Cardona is now the Secretary of Education. Under Fed. R. Civ. P. 25(d), he has been substituted for former Secretary of Education Elizabeth DeVos, who was originally named as a defendant in this action.

[3] ECF No. 21.

## BACKGROUND

Plaintiff Bret R. Lease ("Mr. Lease"), who is an attorney proceeding pro se,[4] has seventeen different federal student loans through the DOE. FedLoan Servicing ("FedLoan") administers his loans. Mr. Lease entered the DOE's income-based repayment ("IBR") program in early 2015, which reduced his aggregate monthly payment for all seventeen loans to $0.00. FedLoan removed Mr. Lease from the IBR program in early 2016 after he submitted insufficient documentation to verify his annual income. The accrued interest on his loans was then capitalized. Over the next few months, Mr. Lease received inconsistent explanations from FedLoan employees about his loan accounts. He was finally readmitted to the IBR program in July 2016. The accrued interest on his loans was again capitalized.

Believing the capitalizations and resulting interest calculations to be in error, Mr. Lease filed a state-court complaint against the DOE and several other defendants in March 2018 for breach of contract ("Prior Action"). The Prior Action was subsequently removed to this court. The DOE moved to dismiss the Prior Action, alleging that Mr. Lease's claims were moot and barred by sovereign immunity. Along with its motion, the DOE submitted a declaration from a DOE employee indicating that the DOE had corrected any erroneous capitalizations and calculations on Mr. Lease's loan accounts. On June 7, 2019, District Judge Bruce S. Jenkins granted the DOE's motion and dismissed the Prior Action without prejudice on mootness

---

[4] Because Mr. Lease is an attorney, the court is not required to liberally construe his pro se filings. *In re Hook*, 816 F. App'x 269, 270 (10th Cir. 2020) ("Although Hook is proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings because she is an attorney.").

grounds.[5] Judge Jenkins concluded that because the DOE had corrected any errors in Mr. Lease's loan accounts, Mr. Lease had already received the only relief to which he could have been entitled and, therefore, there was no live controversy to resolve.[6]

Mr. Lease filed the instant action on February 19, 2020, alleging several claims under the Administrative Procedure Act ("APA").[7] Mr. Lease first claims that the DOE Defendants violated the APA by depriving him of his entitlement to interest subsidies on his subsidized and unsubsidized federal student loans. Second, he asserts that the DOE Defendants violated the APA by making arbitrary and capricious determinations about the application of interest subsidies to both his subsidized and unsubsidized loans. Third, Mr. Lease alleges an APA claim for violation of his due process rights, as well as the due process rights of all other borrowers enrolled in the IBR program, based upon the DOE Defendants' alleged denial of interest subsidy entitlements without a meaningful review process.

The DOE Defendants moved to dismiss this action under Fed. R. Civ. P. 12(b)(1) on January 29, 2021.[8] The DOE Defendants argue that the court lacks subject matter jurisdiction over Mr. Lease's APA claims. In response, Mr. Lease asserts that the court has subject matter jurisdiction and, therefore, his claims should be adjudicated.

---

[5] *Lease v. United States Dep't of Educ.*, 2:18-cv-00572-BSJ, ECF No. 37.

[6] *Id.*

[7] 5 U.S.C. §§ 701 to 706.

[8] ECF No. 21.

## LEGAL STANDARDS

**I.     Rule 12(b)(1)**

Under Fed. R. Civ. P. 12(b)(1), this court should "presume no jurisdiction exists,"[9] and the burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction."[10] To establish jurisdiction, a plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[11]

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[12]

---

[9] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[11] *Koch Indus., Inc.*, 971 F.2d at 551 (second alteration in original) (quotations and citations omitted).

[12] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

## II. APA

The APA provides a limited waiver of sovereign immunity and allows a plaintiff who has "suffer[ed] legal wrong because of agency action" to file suit against a federal agency.[13] Without a waiver, a court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) to hear a plaintiff's claim.[14] The party seeking federal jurisdiction over his or her claim "has the burden to establish that it is proper, and there is a presumption against its existence."[15]

Under section 706(1) of the APA, a plaintiff can sue a government agency for "agency action unlawfully withheld or unreasonably delayed."[16] Section 706(2)(A) of the APA also allows a court to set aside final agency action that is "arbitrary" and "capricious."[17] Additionally, section 706(2)(B) of the APA allows a court to set aside final agency action that is "contrary to constitutional right, power, privilege, or immunity."[18]

## ANALYSIS

Based upon the following analysis: (I) all of Mr. Lease's claims in this case are barred by the doctrine of issue preclusion and, therefore, should be dismissed for lack of subject matter

---

[13] 5 U.S.C. § 702.

[14] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[15] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (quotations and citation omitted).

[16] 5 U.S.C. § 706(1).

[17] *Id.* § 706(2)(A).

[18] *Id.* § 706(2)(B).

jurisdiction.[19] As alternative grounds for dismissal, the court concludes that it lacks subject matter jurisdiction over: (II) Mr. Lease's section 706(1) claims related to his unsubsidized loans; (III) Mr. Lease's section 706(2)(A) claims; and (IV) Mr. Lease's section 706(2)(B) claims. Therefore, the court recommends granting the DOE Defendants' motion and dismissing this action without prejudice.[20] The court addresses each of the foregoing issues in turn below.

I. **Mr. Lease's Claims in This Case Are Barred by the Doctrine of Issue Preclusion.**

All of Mr. Lease's claims in this case allege, in one way or another, that the DOE Defendants violated the APA by improperly applying interest subsidies to his loans. However, Judge Jenkins held in the Prior Action that the DOE rectified any errors in applying interest subsidies. Therefore, as shown below, the doctrine of issue preclusion bars Mr. Lease's claims here.

"[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."[21] Issue preclusion generally applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally

---

[19] The court acknowledges that the DOE Defendants did not address the doctrine of issue preclusion in their motion to dismiss. However, because the court's consideration of that doctrine here relates to mootness, the court may consider it sua sponte. *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte.").

[20] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[21] *Park Lake Res. Ltd. Liab. Co. v. United States Dep't Of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

> adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[22]

With respect to the second factor, it is true that "jurisdictional dismissals are not on the merits."[23] However, "[i]t has long been acknowledged that [t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues."[24] "In particular, dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question."[25]

Judge Jenkins's decision in the Prior Action satisfies the requirements of issue preclusion here. First, even though Mr. Lease is pursuing different claims in this case than he pursued in the Prior Action, the issue presented in both cases (i.e., mootness of his claims concerning the propriety of the DOE's application of interest subsidies to his loans) is identical. In both actions, Mr. Lease contends that the DOE erred in its application of interest subsidies to his seventeen student loans. However, Judge Jenkins held that any error had been rectified, which made the case moot. Thus, the issue regarding mootness is identical.

---

[22] *Id.* (quotations and citation omitted).

[23] *Id.* (quotations and citations omitted).

[24] *Id.* (second alteration in original) (quotations and citation omitted).

[25] *Id.* (quotations and citations omitted).

Second, although the Prior Action was not adjudicated on the merits, the foregoing principles make clear that issue preclusion applies to jurisdictional questions due to mootness. Judge Jenkins previously adjudicated the mootness issue on these very loans.

Third, Mr. Lease was a party to the Prior Action. He was the plaintiff, and the DOE was the defendant.

Finally, Mr. Lease had a full and fair opportunity to litigate the issue of mootness in the Prior Action. Both he and the DOE briefed the mootness issue, and Judge Jenkins dismissed the action as moot.

Because all of the elements of issue preclusion are satisfied, all of Mr. Lease's claims in this case are barred because they are predicated on the moot issue of whether the DOE erred in its interest application. Consequently, this action should be dismissed as moot.[26]

## II. The Court Lacks Subject Matter Jurisdiction Over Mr. Lease's Section 706(1) Claims Related to His Unsubsidized Loans.

Nevertheless, even if Mr. Lease's causes of action are not moot, they still fail for want of subject matter jurisdiction. Mr. Lease alleges that the DOE Defendants violated the APA by depriving him of his entitlement to interest subsidies on his unsubsidized loans. Based upon that allegation, and apparently under section 706(1), Mr. Lease asks this court to compel the DOE to "fully and fairly" apply 20 U.S.C. § 1098e(b)(3)(A) to his unsubsidized loans. As explained below, the court lacks subject matter jurisdiction over Mr. Lease's claims because the DOE did not unlawfully withhold any mandatory action regarding his unsubsidized loans.

---

[26] *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) ("Mootness deprives federal courts of jurisdiction."); *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016) ("If a case is moot, [the court has] no subject-matter jurisdiction.").

The APA provides a limited waiver of sovereign immunity to, among other things, compel "agency action unlawfully withheld or unreasonably delayed."[27] But the APA limits this relief to claims that "an agency failed to take a *discrete* agency action that it is *required to take*."[28] A court can compel an agency to act only when the law makes the omitted action mandatory.[29] In other words, courts have no jurisdiction under section 706(1) to review discretionary agency action.[30] A plaintiff bringing a section 706(1) claim must therefore show, as a threshold matter, that the agency is legally obligated to take a particular action.[31] Crossing that threshold establishes a waiver of the United States' sovereign immunity[32] and gives a court subject matter jurisdiction over the dispute.[33]

The IBR program allows a borrower who has a "financial hardship" to reduce the aggregate monthly payment for all eligible loans.[34] For the first three years of a borrower's participation in the IBR program, the DOE pays "any interest due and not paid" on *subsidized*

---

[27] 5 U.S.C. § 706(1).

[28] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).

[29] *Wyoming v. United States Dep't of Interior*, 839 F.3d 938, 942 (10th Cir. 2016).

[30] *Norton*, 542 U.S. at 64.

[31] *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 874 (10th Cir. 2019).

[32] *Kan. ex rel. Kan. Dep't for Children & Families v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017).

[33] *Mitchell*, 463 U.S. at 212.

[34] 20 U.S.C. § 1098e(b)(1).

student loans.[35] After that three-year period, the unpaid interest on subsidized loans is capitalized when the borrower exits the IBR program or begins making full monthly payments.[36] *Unsubsidized* loans are not eligible for the three-year interest subsidy.[37] The accrued interest on unsubsidized loans is capitalized when the borrower exits the IBR program or begins making full monthly payments.[38]

The statute governing the IBR program clearly differentiates between subsidized and unsubsidized student loans. It requires the DOE to pay the accrued interest on subsidized loans for a three-year period. This is a non-discretionary, mandatory action. But despite Mr. Lease's assertions to the contrary, the law does not impose a similar duty on the DOE to pay the accrued interest on *unsubsidized* loans for any period of time. Therefore, interest payments on unsubsidized student loans are not actions the DOE is "*required to take*."[39] Because these payments are not mandatory, the DOE's failure to apply interest subsidies to Mr. Lease's unsubsidized loans is not "agency action unlawfully withheld."[40] Therefore, the court lacks subject matter jurisdiction over Mr. Lease's section 706(1) claims related to his unsubsidized loans and, consequently, those claims should be dismissed.

---

[35] *Id.* § 1098e(b)(3)(A).

[36] *Id.* § 1098e(b)(3)(B)(i).

[37] *Id.* § 1098e(b)(3)(A).

[38] *Id.* § 1098e(b)(3)(B)(ii).

[39] *Norton*, 542 U.S. at 64 (emphasis in original).

[40] 5 U.S.C. § 706(1).

### III. The Court Lacks Subject Matter Jurisdiction Over Mr. Lease's Section 706(2)(A) Claims.

Mr. Lease contends the DOE's "denials" of his 20 U.S.C. § 1098e(b)(3)(A) entitlements were arbitrary and capricious and should be vacated. The court lacks subject matter jurisdiction over those claims because capitalizing accrued interest on student loans is not a final agency action reviewable under the APA.

As stated above, section 706(2)(A) of the APA allows a court to set aside final agency action that is "arbitrary" and "capricious."[41] A two-part test determines an action's finality. First, the action "must mark the 'consummation' of the agency's decisionmaking process."[42] Second, the action must either determine "rights or obligations" or occasion "legal consequences."[43] If an action fails one part of this test, the court need not consider the other.[44] An agency's decisionmaking process is at an end, and the action marking that end is final, when the agency "has rendered its last word on the matter in question."[45]

There is no final agency action here. Capitalizing accrued interest on student loans is neither the "'consummation' of [the DOE]'s decisionmaking process,"[46] nor the DOE's "last

---

[41] *Id.* § 706(2)(A).

[42] *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation omitted).

[43] *Id.* (quotations and citation omitted).

[44] *Kan. ex rel. Schmidt v. Zinke*, 861 F.3d 1024, 1031 (10th Cir. 2017).

[45] *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001) (quotations and citation omitted).

[46] *Bennett*, 520 U.S. at 178 (citation omitted).

word on the matter."[47] Interest capitalization occurs at specific stages of a borrower's participation in the IBR program.[48] Entry and exit from the IBR program both trigger capitalization.[49] Although the DOE may make conclusive, final determinations about a borrower's IBR program status, interest capitalization triggered by such determinations does not involve agency decisionmaking; it is simply a discretion-free mathematical calculation based upon the threshold discretionary decision to admit or exclude someone from the program's participation. These automatic, nondiscretionary mathematical calculations do not constitute final agency action.[50] If this type of interest calculation constituted final agency action, then federal courts would transform into forensic accounting offices just to hear challenges to the interest calculations of the numerous loan programs that the Executive Branch administers. Because Mr. Lease's APA claims do not concern a final agency action, the court lacks subject matter jurisdiction over Mr. Lease's section 706(2)(A) claims. Therefore, those claims should be dismissed.

---

[47] *Whitman*, 531 U.S. at 478 (quotations and citation omitted).

[48] 20 U.S.C. § 1098e(3)(B).

[49] *Id.*

[50] *See, e.g.*, *Mobil Expl. & Producing U.S., Inc. v. Dep't of Interior*, 180 F.3d 1192, 1198 (10th Cir. 1999) ("[N]ot every decision made by an agency qualifies as the type of decisionmaking which is evaluated for [finality]."); *Indus. Safety Equip. Ass'n, Inc. v. Env't Prot. Agency*, 837 F.2d 1115, 1120 (D.C. Cir. 1988) ("Clearly Congress did not intend [APA definitions to] be construed so broadly that every agency action would be subject to judicial review.").

### IV. The Court Lacks Subject Matter Jurisdiction Over Mr. Lease's Section 706(2)(B) Claims.

Mr. Lease asserts an APA claim for procedural due process violations. Because Mr. Lease has failed to show a final agency action that is subject to APA review, however, the court lacks subject matter jurisdiction over that claim.

As indicated above, the APA allows a court to set aside final agency action that is "contrary to constitutional right, power, privilege, or immunity."[51] However, "[c]onstitutional claims cannot be adjudicated under the APA if the challenged agency action was not final."[52] Indeed, the failure to establish final agency action applies not only to Mr. Lease's previous claim, but it "also applies to [his] claim of procedural due process violations."[53] For that reason, the court lacks subject matter jurisdiction over Mr. Lease's APA claim for due process violations, and that claim should therefore be dismissed.[54]

---

[51] 5 U.S.C. § 706(2)(B).

[52] *Slater Park Land & Livestock, LLC v. United States Army Corps of Eng'rs*, 423 F. Supp. 3d 1076, 1083 (D. Colo. 2019) (citing *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1274 n.6 (D.C. Cir. 2018) ("We have found no decision of this Court, and no decision of any other circuit court, holding that the presence of constitutional claims eases the Supreme Court's two-part *Bennett* test for final agency action.")).

[53] *Id*.

[54] Mr. Lease also asserts his due process claims on behalf of other borrowers in the IBR program. Mr. Lease lacks standing to pursue those claims because the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). Mr. Lease has not shown that the DOE's treatment of other borrowers in the IBR program affects him in a particularized or individual way. Therefore, he has not alleged an injury-in-fact and, consequently, lacks standing to bring any claims on behalf of other borrowers

## CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED that the DOE Defendants' motion to dismiss[55] be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED April 16, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

in the IBR program. Moreover, the Supreme Court has announced a prohibition on using the APA to seek the "wholesale correction" of an entire government program because such correction is best suited for the Legislative or Executive Branches. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 892-94 (1990). Seeking wholesale change to the DOE's interest capitalization practices is precisely the purpose for which Mr. Lease is trying to use the APA here. The Supreme Court has already rejected that approach as jurisdictionally impermissible under the APA. *Id.* Accordingly, this court lacks jurisdiction over Mr. Lease's APA due process claims on behalf of other borrowers.

[55] ECF No. 21.