FILED
2021 AUG 25 AM 10:35
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRET LEASE,<br><br>     Plaintiff,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS<br><br>Case No. 2:20-cv-00106-JNP-JCB<br><br>District Judge Jill N. Parrish |

Defendants Miguel Cardona, in his official capacity as the United States Secretary of Education, and the United States Department of Education (collectively, the Department of Education) moved to dismiss plaintiff Brett Lease's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 21. Magistrate Judge Jared C. Bennett issued a Report and Recommendation that the court grant the motion and dismiss this action. ECF No. 24.

Lease filed an objection to the Report and Recommendation. The court OVERRULES IN PART Lease's objection and ADOPTS IN PART the Report and Recommendation. Because the portion of the Report and Recommendation adopted by the court requires the dismissal of this action, the court GRANTS the Department of Education's motion to dismiss.

### BACKGROUND

Lease has seventeen different student loans. Some of his loans are subsidized, while others are unsubsidized. FedLoan Servicing administers all of his loans. In early 2015, he entered into the Department of Education's income-based repayment (IBR) program, which reduced his

aggregate monthly payment for all of the loans to $0 per month. In early 2016, FedLoan determined that Lease had not submitted sufficient documentation to verify his annual income and removed him from the IBR program. The accrued interest on his loans was then capitalized. FedLoan readmitted Lease to the IBR program in July 2016. The accrued interest on his loans was again capitalized.

In March 2018, Lease filed a state-court complaint against the Department of Education and several other defendants for breach of contract and other claims. Lease alleged that the Department of Education and the other defendants had improperly assessed and capitalized interest when they removed and readmitted him to the IBR program. The defendants subsequently removed the action to this court and the case was assigned to Judge Jenkins. The Department of Education moved to dismiss the breach of contract action under Rule 12(b)(1), alleging that Mr. Lease's claims were moot and barred by sovereign immunity. It submitted a declaration from a Department of Education employee indicating that all erroneous capitalizations and interest calculations on Lease's loan accounts had been corrected.

In June 2019, Judge Jenkins granted the motion to dismiss. He determined that the Department of Education had corrected any errors in Lease's loan accounts and restored Lease to the position he would have held had he never been removed from the IBR program. Accordingly, Lease had already received the only relief to which he could have been entitled and there was no live controversy to resolve.

In February 2020, Lease filed this action. He alleged that the Department of Education violated his due process rights by depriving him of interest subsidies for his student loans that he was entitled to under the IBR program. Lease further asserted that the Department of Education's

decision to deny him the full measure of subsidies to which he was entitled was arbitrary and capricious and violated the Administrative Procedure Act (APA).

The Department of Education moved to dismiss this action under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Lease's APA claims. Once again, the Department of Education attached a declaration from an employee stating that all erroneous capitalizations and calculations on Lease's loan accounts had been corrected and that Lease had received all of the loan subsidies to which he had been entitled. Judge Bennett issued a Report and Recommendation that the court grant the motion to dismiss for three main reasons. First, Judge Bennett reasoned that Lease's action is barred by the doctrine of issue preclusion because the action dismissed by Judge Jenkins presented the same core issue in this action: whether the Department of Education had improperly withheld interest subsidies due to his temporary removal from the IBR program. Second, Judge Bennett argued that this court lacked subject matter jurisdiction to hear Lease's APA claims related to his unsubsidized loans because he had no right to interest subsidies for these loans. Third, Judge Bennet asserted that the court did not have jurisdiction over Lease's claims because the Department of Education's decisions regarding the application of loan subsidies were not a final agency action. Lease filed an objection to Judge Bennett's Report and Recommendation

## STANDARD OF REVIEW

The court reviews de novo the portions of the Report and Recommendation to which Lease has objected. Fed. R. Civ. P. 72(b)(3).

3

## ANALYSIS

### I.    ISSUE PRECLUSION

In Part I of the Analysis section of the Report and Recommendation, Judge Bennet recommends dismissal of Lease's action under the doctrine of issue preclusion, which "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Issue preclusion applies if:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* Judge Bennet reasoned that the issue of whether the Department of Education had reversed all improperly charged interest after Lease's readmission to the IBR program was decided on the merits after Lease had a full and fair opportunity to litigate this issue. Judge Bennet further concluded that the issue of whether the Department of Education properly calculated the interest owed on his student loans is the basis for his APA claims in this action. Because this issue was decided against him in his prior breach of contract action, Judge Bennet recommends dismissal of this action on issue preclusion grounds.

Lease only objected to Judge Bennett's reasoning as to the first element of issue preclusion—whether the issue decided in the prior action is identical to the issue presented in this action. First, he argues that the issues are not identical because they involve different legal standards. Lease asserts that in his prior breach of contract action, he had to prove by a preponderance of the evidence that the defendants had breached a contractual obligation to

4

correctly calculate the interest owed on his student loans. But in this APA action, he must prove that the Department of Education's decision regarding the calculation of the interest owed was arbitrary and capricious. In other words, Lease must prove that the department's factual determination regarding the amount of interest owed was not supported by substantial evidence. *See Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 305 F.R.D. 256, 282 (D.N.M. 2015) ("[A] decision is arbitrary and capricious if substantial evidence does not support it.").

The court disagrees that different standards are at issue in the two actions. In the prior action, the Department of Education moved to dismiss under Rule 12(b)(1), arguing that Lease's breach of contract claims were moot because it had already reenrolled Lease in the IBR program and corrected his loan account. *Lease v. U.S. Dep't of Educ.*, 2:18-cv-00572-BSJ, ECF No. 25. Judge Jenkins agreed that the prior action was moot and granted the motion to dismiss. In this action, Judge Bennett recommends dismissal under Rule 12(b)(1) for the same reason. Thus, the common issue in the two actions does not turn on the preponderance of the evidence standard for a breach of contract claim or the substantial evidence standard for an APA claim. The shared issue is whether both actions are moot under Rule 12(b)(1) because the Department of Education has already afforded the only relief to which Lease could possibly be entitled.

Moreover, even if the standards of proof for a breach of contract action and an APA action were relevant, the differing standards of evidence would not bar the application of issue preclusion in this case. It is true that a "failure to carry a higher standard of proof on an issue does not preclude a subsequent attempt to satisfy a lower standard as to the same issue." 18 EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4422 (3d ed. 2021). But here, the prior action was governed by a lower standard of proof—preponderance of the evidence—while the current action rests on a higher standard of proof—the absence of substantial evidence supporting the Department of

5

Education's decision. Having failed to clear a lower bar in the prior action, issue preclusion would prevent Lease from a second attempt to clear a higher bar on the same issue in this action.

Second, Lease argues that a different issue is presented in this action. He cites *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988) and *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117 (2016) as supporting his argument that the Department of Education had improperly applied a retroactive interpretation of 20 U.S.C. § 1098e(b)(3)(A),[1] which directs the Department of Education to pay any interest owed on subsidized student loans for participants in the IBR program for a period of three years. In his response brief to the Department of Education's motion to dismiss, Lease clarified that he understood some of his loan statements to indicate that the department had initially interpreted § 1098e(b)(3)(A) to authorize interest subsidies for both his subsidized and unsubsidized loans. He argued that the Department of Education has since changed its interpretation of the statute such that only subsidized loans are eligible for interest subsidies. Lease argues in his objection to the Report and Recommendation that the issue of whether *Bowen* and *Encino Motorcars* prohibit the department from changing its interpretation of § 1098e(b)(3)(A) was not presented in his prior action and, therefore, is not barred by the doctrine of issue preclusion.

The court disagrees. Judge Jenkins dismissed the prior action pursuant to Rule 12(b)(1) because he found that the Department of Education had already restored Lease to the IBR program and had reversed any improperly charged interest. Thus, the issue of whether the Department of Education had correctly calculated the interest owed on his student loans was decided in the prior

---

[1] This statute provides that "interest due and not paid . . . shall, on subsidized loans, be paid by the Secretary [of Education] for a period of not more than 3 years after the date of the borrower's election" to enter the IBR program.

action. Lease may not collaterally attack this issue by raising new arguments regarding the calculation of interest for unsubsidized loans in this action. *See Sec. Indus. Ass'n v. Bd. of Governors of Fed. Rsrv. Sys.*, 900 F.2d 360, 364 (D.C. Cir. 1990) ("[P]reclusion because of a prior adjudication results from the resolution of a question *in issue,* not from the litigation of specific *arguments* directed to the issue.").

Moreover, even if issue preclusion did not bar Lease's new contention, the court concludes that the holdings of *Bowen* and *Encino Motorcars* simply do not apply here. In *Bowen*, the Secretary of Health and Human Services promulgated a regulation that retroactively limited Medicare costs eligible for reimbursement. 488 U.S. at 207. The regulation required some hospitals to return reimbursement payments made under the Medicare program. *Id.* The Supreme Court held that although the Secretary had the statutory authority to create new regulations, he did not have the authority to promulgate regulations with a retroactive effect. *Id.* at 215. In this case, even if the Department of Education had initially applied interest subsidies to both Lease's subsidized and unsubsidized loans, *Bowen* would not prevent the department from correcting its mistake in an individual case. There is no allegation that the Department of Education had promulgated a formal regulation, much less a retroactive regulation.

In *Encino Motorcars*, the Department of Labor promulgated a new rule that changed the department's long-standing interpretation of the term "salesman" in one of the provisions of the Fair Labor Standards Act (FLSA). 136 S. Ct. at 2123. The Supreme Court held that because the department had not sufficiently explained its policy change, its interpretation of the FLSA was not entitled to *Chevron* deference. *Id.* at 2125–26. Here, Lease does not allege that the Department of Education issued a formal rule regarding its interpretation of § 1098e(b)(3)(A), nor is *Chevron* deference at issue. Thus, nothing in *Bowen* or *Encino Motorcars* suggests that the Department of

7

Education is prohibited from changing how it applies interest subsidies to an individual enrolled in the IBR program.

In sum, the court finds no merit to the objections Lease raises to the issue preclusion portion of the Report and Recommendation. The court adopts this portion of the Report and Recommendation.

## II.   INTEREST SUBSIDIES FOR UNSUBSIDIZED LOANS

In Part II of the Analysis section of the Report and Recommendation, Judge Bennett recommends the dismissal of Lease's claim that the Department of Education violated the APA by refusing to apply interest subsidies to his unsubsidized loans. Judge Bennet reasoned that the department did not unlawfully withhold a mandatory action, *see* 5 U.S.C. § 706(1), because the statute governing interest subsidies for participants in the IBR program clearly states that the subsidies apply only to subsidized loans, *see* 20 U.S.C. § 1098e(b)(3)(A) ("[I]nterest due and not paid . . . shall, on *subsidized loans*, be paid by the Secretary [of Education] for a period of not more than 3 years after the date of the borrower's election [to enter the IBR program] . . . ." (emphasis added)). Because the APA does not apply to Lease's unsubsidized loan claim, Judge Bennet concluded that the court lacked jurisdiction to hear it.

Lease raised two objections relevant to this portion of the Report and Recommendation. First, he argues that Judge Bennett's proposed ruling is procedurally improper. "[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Lease asserts that the court must convert the Department of Education's Rule 12(b)(1) motion because the resolution of the jurisdictional question regarding his unsubsidized loans is intertwined with the merits of his

claim. He further argues that the department's motion must be converted to a Rule 56 motion for summary judgment because the Department of Education introduced evidence beyond the pleadings.

The court agrees with Lease's first contention, but not the second. The jurisdictional question is intertwined with the merits of Lease's claim that he is entitled to interest subsidies for his unsubsidized loans under § 1098e(b)(3)(A) because both issues depend on an interpretation of the same statute. *See Holt*, 46 F.3d at 1003 ("The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."). Thus, the Rule 12(b)(1) motion should be converted. But the court concludes that the portion of the motion at issue here should be converted to a Rule 12(b)(6) motion because it does not rest on evidence outside of the pleadings. The issue of whether § 1098e(b)(3)(A) applies to unsubsidized loans is a legal question, which may be resolved at the pleading stage of the litigation.

Second, Lease repeats his contention that the Department of Education had previously interpreted § 1098e(b)(3)(A) to apply interest subsidies to unsubsidized loans and that the department was estopped from changing its interpretation. In support of his argument, Lease again cites *Bowen* and *Encino Motorcars*. As the discussed above, these cases are inapposite. *Bowen* stands for the proposition that an agency may not issue retroactive regulations. 488 U.S. at 215. But here, there is no allegation that Department of Education issued a regulation. In *Encino Motorcars*, the Supreme Court held that the *Chevron* deference does not apply if the agency does not sufficiently explain a policy change regarding its interpretation of a statute. 136 S. Ct. at 2125–26. Lease, however, does not allege that the department adopted a formal policy regarding the interpretation of § 1098e(b)(3)(A), nor is *Chevron* deference at issue here. In short, Lease has not

9

presented any caselaw supporting his assertion that the Board of Education is barred from changing the manner in which it applies interest subsidies in an individual case.

Accordingly, the court overrules Lease's objections to this portion of the Report and Recommendation and adopts Part II of this document.

## III.    FINAL AGENCY ACTION

In Parts III and IV of the Analysis section of the Report and Recommendation, Judge Bennett reasons that the court does not have jurisdiction to review the Department of Education's interest calculations under the APA because there has been no "final agency action." *See* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Lease objects, arguing that department's determinations are final and, therefore, reviewable.

The court declines to resolve Lease's objections to Judge Bennett's final agency action analysis. Because the court adopts the issue preclusion section of the Report and Recommendation, which requires dismissal of this action, the court need not analyze Lease's objections to the final agency action section.

## CONCLUSION

For the above-stated reasons, the court rules as follows:

1)    The court OVERRULES Lease's objections to Part I and Part II of the Analysis section of the Report and Recommendation. The court ADOPTS this portion of the Report and Recommendation. ECF No. 24.

2)    The court GRANTS the Department of Education's motion to dismiss for lack of jurisdiction. ECF No. 21. Dismissal is without prejudice.

DATED August 25, 2021.

BY THE COURT

Jill N. Parrish
United States District Court Judge